UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>              Plaintiff,<br><br>   vs.<br><br>DAVID SIEBRASSE,<br><br>              Defendant. | CIV. 14-5090-JLV<br><br><br>ORDER DISMISSING COMPLAINT |

On December 16, 2014, Clayton Walker filed a *pro se* civil complaint against David Siebrasse and "Law office," a motion to proceed *in forma pauperis* and a motion to appoint counsel.   (Dockets 1, 3 & 4).   The court interprets "law office" to be Mr. Siebrasse's law office.   In the complaint, Mr. Walker asserts federal jurisdiction "because [he is] from [P]ennington [C]o.," and "42 USCA 1983 & 42 USCA 1988."   (Docket 1 at p. 1).   Mr. Walker characterizes his claim against Mr. Siebrasse as "Attorney misconduct."   Id. at 3.   Mr. Walker states that the relief he requests is to "Cover Damages."   Id.   Mr. Walker also seeks either actual or punitive monetary damages for the acts alleged in his complaint and believes he is entitled to recover monetary damages from Mr. Siebrasse and his law office due to "attorney missconduct [sic], [d]amage to my name [and] losses."   Id. at 4.   The language quoted above represents the entirety of the written portions of Mr. Walker's complaint.

On December 29, 2014, Mr. Walker filed a supplement to his complaint in which he enumerated three claims against Mr. Siebrasse:   (1) Mr. Siebrasse

violated his civil rights under 42 U.S.C. § 1983 and the First Amendment of the

United States Constitution; (2) Mr. Siebrasse falsely imprisoned him (or his civil

rights) in violation of 42 U.S.C. § 1983 and the Fourth Amendment of the United

States Constitution; and (3) Mr. Siebrasse committed gross negligence.[1]

(Docket 7 at p. 1).   Mr. Walker alleged, without any supporting factual

allegations, that Mr. Siebrasse is a party employed by the State of South Dakota.

Id.   Mr. Walker articulated several factual instances in which Mr. Siebrasse

committed alleged attorney misconduct, such as when Mr. Siebrasse told him to

"take [his] pills," when Mr. Siebrasse was not prepared to meet with him or failed

to complete Mr. Walker's work, and where Mr. Siebrasse generally "cut [Mr.

Walker] down."   Id.

    "[I]t is well-settled that the complaint will be construed broadly and

liberally, in conformity with the general principle set forth in Rule 8(f),

particularly when it is presented by a litigant who is proceeding pro se . . . ."

5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

§ 1350, at 180-81 (3d ed. 2004).   However, "[e]ven pro se litigants must comply

with court rules and directives."   Soliman v. Johanns, 412 F.3d 920, 922 (8th

---

[1]The court considers Mr. Walker's inclusion of the "14th Amendment"
(Docket 7 at p. 1) in his supplement as a reference to the due process clause of
the Fourteenth Amendment, which has incorporated the First and Fourth
Amendments of the United States Constitution and made those amendments
applicable to the states.   See Docket 7 at p. 1; see also U.S. Const. amend XIV.
Gitlow v. New York, 268 U.S. 652, 666 (1925) (incorporating the First
Amendment's freedom of speech and of the press in the Fourteenth Amendment);
Mapp v. Ohio, 367 U.S. 643, 660 (1961) (fully incorporating the Fourth
Amendment into the Fourteenth Amendment).

Cir. 2005).   With these principles in mind, the court considers whether it is vested with subject matter jurisdiction to adjudicate Mr. Walker's claim as pled in his complaint and supplement to the complaint.

"It has long been the rule that 'lack of subject matter jurisdiction may be asserted at any time by the court, *sua sponte*, either at the trial or appellate level.' " Slangal v. Cassel, 962 F. Supp. 1214, 1216 (D. Neb. 1997) (citing 5A Wright & Miller, § 1350, at 202 & n.15 (2d ed. 1990) (collecting cases)) (emphasis added); see also Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993) ("Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived.   It may be raised at any time by a party to an action, or by the court *sua sponte*.") (citations omitted; emphasis in original).   Indeed, the Federal Rules of Civil Procedure provide, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."   Fed. R. Civ. P. 12(12)(3).

In demonstrating subject matter jurisdiction, "it has been well-established . . . that the pleading will be read as a whole with any relevant specific allegations found in the body of the complaint taking precedence over the formal jurisdictional allegation . . . ."   5B Wright and Miller, § 1350 at 187-88; see also Stanturf v. Sipes 335 F.2d 224, 228-29 (8th Cir. 1964) (citations omitted).   And, as is the case here, where jurisdiction is asserted on federal question grounds, 28 U.S.C. § 1331, the party asserting jurisdiction bears the burden of proving that the court is vested with subject matter jurisdiction.   Slangal, 962 F. Supp.

3

at 1216; see also 5B Wright and Miller, § 1350 at 211, 231 ("If subject matter jurisdiction is based on the existence of a federal question, the pleader must show that he or she has alleged a claim for relief arising under federal law and that the claim is not frivolous.").

Mr. Walker, as the party asserting the court's jurisdiction, bears the burden of proving that subject matter jurisdiction exists.   Mr. Walker failed to satisfy this burden.   Although Mr. Walker generally asserts claims against Mr. Siebrasse and his law office arising under 42 U.S.C. §§ 1983 and 1988 and the First, Fourth and Fourteenth Amendments to the United States Constitution, the facts in support of his claim fail to establish a federal question, and as a result, this court lacks the subject matter jurisdiction necessary to adjudicate the complaint.   The court notes that despite his general assertion to the contrary, Mr. Walker made no factual showing indicating Mr. Siebrasse or his law office were acting "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia."   42 U.S.C. § 1983.[2]

Mr. Walker made no showing that Mr. Siebrasse or his law office violated his rights as guaranteed by the First or Fourth Amendments.   Similarly, the court is unable to discern the basis for federal question jurisdiction over Mr. Walker's "Gross Negligence" claim against Mr. Siebrasse.   (Docket 7 at p. 1).

---

[2]The court notes that 42 U.S.C § 1988 is primarily a fee recovery provision for plaintiffs who are successful on the merits of a § 1983 claim.

4

See also Stanturf, 335 F.2d at 229 ("[A] mere assertion of a deprivation of a federal . . . right is not sufficient to sustain federal jurisdiction; conclusory statements unsupported by adequate factual allegations in the complaint will not suffice."). Mr. Walker also appears to have filed his complaint in federal court because he resides in Pennington County, South Dakota.[3] (Docket 1 at p. 1). A county of residence, by itself, is an insufficient basis to grant federal question jurisdiction. See 28 U.S.C. § 1331.

In the statement of his claim and in his supplement to the complaint, Mr. Walker's description of "attorney misconduct" fails to support or clarify his general assertion of a § 1983 claim, or any other claim arising under federal law. See Dockets 1 at p. 3; 7 at p. 1. Even when the court liberally construes Mr. Walker's claim to include "[d]amage to [his] name [and] losses" (Docket 1 at p. 4), Mr. Walker's complaint, in its current form, is devoid of any factual allegations supporting a legal theory which would vest this court with federal question jurisdiction to hear Mr. Walker's claims. Mr. Walker's complaint must be dismissed.

Accordingly, and good cause appearing, it is hereby

ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

---

[3]The United States District Court for the District of South Dakota, Western Division, sits in Rapid City, South Dakota, in Pennington County.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* and for the appointment of counsel (Dockets 3 & 4) are denied as moot.

Dated March 2, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE