UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>                Plaintiff,<br><br>  vs.<br><br>DAVID SIEBRASSE,<br><br>                Defendant. | CIV. 14-5090-JLV<br><br>ORDER |

**INTRODUCTION**

On March 2, 2015, this court dismissed Mr. Walker's complaint against David Siebrasse without prejudice. (Docket 8). Mr. Walker, appearing *pro se*, alleged claims arising under 42 U.S.C. §§ 1983 and 1988. (Docket 1). Mr. Walker's specific causes of actions against Mr. Siebrasse were an attorney misconduct claim, a civil rights violation claim under § 1983 and the First Amendment, a claim of false imprisonment in violation of civil rights under the Fourth Amendment and § 1983 by "[f]alsely [i]mprisoning," and a gross negligence claim. Dockets 1 at p. 3; 7 at p. 1.

The court found Mr. Walker's complaint was "devoid of any factual allegations supporting a legal theory which would vest this court with federal question jurisdiction to hear Mr. Walker's claims." (Docket 8 at p. 5). The court dismissed the complaint without prejudice and denied Mr. Walker's motion to proceed *in forma pauperis* as moot. Id. at 5-6. Subsequently, Mr. Walker filed a motion to amend his complaint (Docket 11) and a motion for

reconsideration, or, in the alternative, an adjudication with an impartial judge "to reach a reasonable settlement of the controversy." (Docket 12).

## DISCUSSION

The court is mindful of Mr. Walker's *pro se* status. "[P]ro se complaints are to be construed liberally . . . ." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (referencing Estelle v. Gamble, 429 U.S. 97, 106 (1976). "[P]ro se litigants must set forth [a claim] in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Stringer v. St. James R–1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006). "A *pro se* [complaint] should be 'interpreted liberally and . . . should be construed to encompass any allegation stating federal relief.'" Bracken v. Dormire, 247 F.3d 699, 704 (8th Cir. 2001) (citing White v. Wyrick, 530 F.2d 818, 819 (8th Cir. 1976)). "Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim." Thrash v. McDaniel, No. 4:13-CV-00732-KGB, 2014 WL 2462888, at *1 (E.D. Ark. June 2, 2014), aff'd, 578 F. App'x 619 (8th Cir. 2014) (citing Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)).

The court is also aware that "[t]he threshold inquiry in every federal case is whether the court has jurisdiction and we have admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges–Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964). "Lack of jurisdiction of the subject matter of litigation cannot be waived by the parties or ignored by the court." Id. at p. 27. "A federal court has

jurisdiction to consider its own subject matter jurisdiction."  Robins v. Ritchie, 631 F.3d 919, 930 (8th Cir. 2011).

"A federal court therefore has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case." Mummelthie v. City of Mason City, Ia., 873 F. Supp. 1293, 1304 (N.D. Iowa 1995), *aff'd sub nom.* Mummelthie v. City of Mason City, Iowa, 78 F.3d 589 (8th Cir. 1996) (citing Bradley v. Am. Postal Workers Union, AFL–CIO, 962 F.2d 800, 802 n.3 (8th Cir. 1992)).  "Federal courts have a duty to examine the substantiality of the federal claim throughout the litigation, and must dismiss all claims if the federal claim proves patently meritless even after the trial begins." Id. at 1305 (citing Pioneer Hi–Bred Int'l v. Holden Found. Seeds, Inc., 35 F.3d 1226, 1242 (8th Cir. 1994); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987)).

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of *state* law and made possible only because the wrongdoer is clothed with the authority of state law.' "  Parker v. Boyer, 93 F.3d 445, 447-48 (8th Cir. 1996) (emphasis added) (quoting West v. Atkins, 487 U.S. 42, 49 (1988) (further citations omitted).  "Section 1983 does not confer subject matter jurisdiction. The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law."  Jones v. United States, 16 F.3d 979, 981 (8th Cir. 1994).

In neither Mr. Walker's complaint nor supplement did he allege Mr. Siebrasse was acting under color of state law.  There was also no reference to any other statute conferring jurisdiction for the § 1983 claim.  The court did not infer from the complaint that Mr. Siebrasse was acting under color of state law and determined § 1983 did not provide jurisdiction for Mr. Walker's claims.  See Lee v. Cleve Her Many Horses, No. CIV. 13-5019-JLV, 2014 WL 1331007, at *9 (D.S.D. Mar. 30, 2014), aff'd, 586 F. App'x 256 (8th Cir. 2014).

Mr. Walker requested the court reconsider its dismissal, in pertinent part, because:

> The Issues is [sic] Involving Civil Rights, Federal Law and Federal crimes committed.  This Case is about the capacity as a federal Employee and involving the U.S. Constitution and the constitutionalitly [sic] of the Law.  The Plaintiff has more than $100,000 in Potential Damages. David Siebrasse was a Public Defender/Attorney for a case in Federal court case [sic] in Pierre[,]

4

> SD. The responsible party was acting on behalf of an employer/agent of the Federal courts. Mr. Siebrasse and the law office was employed by a federal Judge in a Federal case. Snyder v. Massachusetts[,] 291 U.S. 97, 116, 117 (1934), Buchalter v. New York[,] 319 U.S. 427, 429 [(1943).] In the Fact that I didnt [sic] show any supporting or Factual knowledge that Mr[.] Siebrasse was employed by the state could be ruled respectfully frivolous. One would think this is applied Knowledge and could be based on its own merits.

(Docket 12).[1]

Mr. Walker also moved the court to amend his complaint on the basis that he:

> [A]lleged a claim for relief arising under federal law Because the defendant is a Public Defender that works for the state, this conduct under color of state law, thus I'm seeking Damages of NEGLIGENCE. This court has Jurisdiction pursuant to 28 U.S.C.A. 1331 and 42 U.S.C.A. 1343 [sic] since these claims arise under the constitution and laws of the United States and sence [sic] Defendant acted under color of the state law.

(Docket 11). Due to the similarity between Mr. Walker's motion for reconsideration and his motion to amend his complaint and because Mr. Walker is a *pro se* litigant, the court considers his arguments in support of both motions as having been made in support of his motion for reconsideration.

---

[1]The court finds the cases cited by Mr. Walker are inapplicable to his case. See Snyder v. Com. of Mass., 291 U.S. 97 (1934) (The Court held that a denial of the defendant's request to be present when the jury viewed the crime scene did not constitute a denial of his due process rights under the Fourteenth Amendment), *overruled in part by* Malloy v. Hogan, 378 U.S. 1, 17 (1964); Buchalter v. People of State of New York, 319 U.S. 427, 429 (1943) (The Court held the petitioners failed to demonstrate their due process rights under the Fourteenth Amendment had been violated. The petitioners alleged they were not afforded a fair and impartial jury, that they were deprived of an impartial and unbiased trial judge, and that the prosecutor resorted to unfair methods to influence the jury.).

1.    **Motion for Reconsideration**

The court notes Mr. Walker's conflicting characterization of Mr. Siebrasse. In his motion for reconsideration, Mr. Walker describes Mr. Siebrasse as a public defender employed by a federal judge in a federal case in Pierre, South Dakota, (Docket 12), while in his motion to amend his complaint Mr. Walker describes Mr. Siebrasse as a public defender that works for the state under the color of state law.  (Docket 11).  "Section 1983 creates a cause of action against a person acting 'under color of any statute . . . of any State' who deprives another of a federally protected right."  Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008) (quoting 42 U.S.C. § 1983)).  "Only state actors can be held liable under Section 1983."  Id. (quoting Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001)) (internal quotation marks omitted); see also Jones, 16 F.3d at 981 (holding § 1983 to be "inapplicable when a person acts under color of federal law") (citing Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984)).

Because Mr. Walker is a *pro se* litigant, the court interprets him as having alleged Mr. Siebrasse was acting as a state public defender.[2]  The court considers Mr. Walker alleged Mr. Siebrasse acted under the color of state law. (Dockets 11 & 12).  The court also concludes that Mr. Walker's complaint and related filings alleged sufficient facts to vest the court with subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 to adjudicate the merits of Mr.

---

[2]The court's review of the online docket for the District of South Dakota ("CM/ECF") confirms this information.  The court could find no federal cases in which Mr. Siebrasse represented Clayton Walker.

Walker's § 1983 claims.[3]  See, e.g., Parks v. Pomeroy, 387 F.3d 949, 951 (8th Cir. 2004) (determining the district court had original jurisdiction over plaintiff's § 1983 claim based on 28 U.S.C. §§ 1331 and 1343); Iverson v. City of St. Paul, 74 F. App'x 676, 677 (8th Cir. 2003) (determining the district court had subject matter jurisdiction over plaintiff's § 1983 claim under 28 U.S.C. § 1343); see also Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) (referring to 28 U.S.C. § 1343 as the "jurisdictional counterpart" of § 1983).

In light of Mr. Walker's motion to proceed *in forma pauperis* (Docket 3), the merits of Mr. Walker's claims are analyzed in accord with the screening procedures set forth in 28 U.S.C. § 1915(e)(2).  See Gordon v. Draper, 563 F. App'x 514, 514 (8th Cir. 2014) (citing Morrison v. Nat'l Australia Bank, Ltd., 561 U.S. 247, 254 (2010)) (characterizing a district court's pre-service dismissal of a § 1983 claim as "a merits dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, not a dismissal for lack of subject matter jurisdiction.").

Section 1915(e)(2) provides:

> Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that--

---

[3]Plaintiff's complaint and supplement were bereft of any specific allegations which would support a federal cause of action.  The court by necessity examined whether it was vested with subject matter jurisdiction prior to screening the complaint under 28 U.S.C. § 1915(e)(2).  See Jones, 16 F.3d at 981 ("Section 1983 does not confer subject matter jurisdiction.  The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting under color of state law.") (citing 42 U.S.C. § 1983).

>. . .
>
>    (B) the action or appeal—
>
>        (i)    is frivolous or malicious;
>
>        (ii)   fails to state a claim on which relief may be granted; or
>
>        (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application.  The court is required to screen a *pro se* complaint as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief.  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) . . . is identical to the legal standard used when ruling on Rule 12(b)(6) motions."  Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B))).  "An action fails to state a claim upon which relief can be granted if it does not plead 'enough facts [accepted as true] to state a claim to relief that is plausible on its face.' "  Thrash, 2014 WL 2462888, at *1 (quoting

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 629-30 (8th Cir. 2010) (quoting Twombly, 550 U.S. at 555 (internal quotations and alteration omitted)).

The court reviews Mr. Walker's claims against Mr. Siebrasse as alleged in the complaint, supplement, motion for reconsideration and motion to amend the complaint.

In the context of a § 1983 claim, the Supreme Court held "a *public defender* does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) (emphasis added). The United States Court of Appeals for the Eighth Circuit held "a legal malpractice action does not raise a federal question; and even if [the defendant] had alleged a section 1983 violation, '[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of a section 1983 violation.'" Bilal v. Bell, 994 F.2d 842 (8th Cir. 1993) (quoting Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)). Other courts within this district have reached the same conclusion. "Private attorneys, *including public defenders*, are generally not considered to have acted under color of state law as

9

required under § 1983 when representing their clients." <u>Raines v. Hollingsworth</u>, No. CIV. 08-1016-KES, 2010 WL 1409442, at *3 (D.S.D. Apr. 2, 2010) (citing <u>Polk County</u>, 454 U.S. at 325) (emphasis added).

Mr. Walker failed to make any allegations indicating Mr. Siebrasse acted in a manner other than in his "traditional function" as court-appointed counsel for Mr. Walker.  <u>See, e.g.</u>, Docket 7 at p. 1 (Mr. Walker alleges Mr. Siebrasse was not prepared and failed to have documents "done" for him; and that Mr. Siebrasse "cut him down," primarily by telling him (Mr. Walker) to take his pills.).  After a thorough review of Mr. Walker's allegations, the court finds Mr. Siebrasse was acting as Mr. Walker's court-appointed attorney and not under the color of state law.  However, the court's inquiry does not end there.

"Individuals who would otherwise not be considered state actors . . . are properly considered to have acted under color of state law when they conspire with state actors to deprive an individual of their federal rights in violation of § 1983."  <u>Raines</u>, 2010 WL 1409442, at *3 (citing <u>Tower v. Glover</u>, 467 U.S. 914, 920 (1984); <u>Carlson</u>, 552 F.3d at 651).  "In order for private actors to be considered to have acted under color of state law by conspiring with state actors, the complaint must 'adequately allege[ ] that Private Defendants were 'willful participant[s] in joint activity with the State or its agents' in denying the [plaintiff's] constitutional rights[.]"  <u>Id.</u> at 4 (quoting <u>McCoy v. Carter-Jones Timber Co.</u>, 2009 WL 3713697, at *1 (8th Cir. Nov. 9, 2009) (unpublished

10

opinion) (alteration in original) (citing <u>Dossett v. First State Bank</u>, 399 F.3d 940, 947 (8th Cir. 2005)).

    Mr. Walker's filings are completely devoid of any factual allegations indicating Mr. Siebrasse was part of a conspiracy or was a willful participant in denying Mr. Walker his constitutional rights.  See <u>Manis v. Sterling</u>, 862 F.2d 679, 681 (8th Cir. 1988) (quoting <u>Smith v. Bacon</u>, 699 F.2d 434, 436 (8th Cir. 1983) (per curiam)) ("Allegations of conspiracy, however, must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds.' "). The court finds Mr. Siebrasse was not acting under the color of state law and no factual allegations were pled demonstrating he was part of a conspiracy to deprive Mr. Walker of his constitutional rights.

    The court finds no allegations in any of Mr. Walker's filings indicating Mr. Siebrasse deprived Mr. Walker of any constitutional right.  See <u>Zakrzewski v. Fox</u>, 87 F.3d 1011, 1013 (8th Cir. 1996) ("The first inquiry in a § 1983 claim is to determine [w]hether the plaintiff has been deprived of a right secured by the Constitution and laws' of the United States.") (internal quotation marks and citations omitted).  The court notes Mr. Walker's factual allegations are based on his negligence and attorney misconduct claims against Mr. Siebrasse.  See Docket 7 at p. 1.  Mr. Walker has not alleged any specific facts which would support a plausible free speech claim under the First Amendment or a false imprisonment claim under the Fourth Amendment.

11

Having considered Mr. Walker's complaint, supplement, motion for reconsideration and motion to amend the complaint, the court finds Mr. Walker failed to state a plausible claim upon which relief can be granted and his complaint must be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). Accordingly, Mr. Walker's motion for reconsideration (Docket 12) is denied and his claims are dismissed with prejudice.

**2.     Motion to Amend the Complaint**

"Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.' " Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010) (quoting Cornelia I. Crowell GST Trust v. Possis Med., Inc., 519 F.3d 778, 782 (8th Cir. 2008). "[I]n reviewing a denial of leave to amend [courts] ask whether the proposed amended complaint states a cause of action under the Twombly pleading standard . . . ." Id. 850-51; See Supra (identifying the Twombly pleading standard).

In determining whether Mr. Walker stated a claim upon which relief could be granted, the court considered the effect his proposed amendment (Docket 11) would have on the complaint. The court determined even with the amendments proposed by Mr. Walker, the complaint would still fail to state a plausible claim upon which relief can be granted. See Supra. Mr. Walker's motion to amend the complaint (Docket 11) is denied as futile. See Zutz, 601 F.3d at 850-51;

United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005) ("[P]laintiffs do not have an absolute or automatic right to amend. . . . Futility is a valid basis for denying leave to amend."); Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 409 (8th Cir. 1999) ("[P]arties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.") (citations omitted).

The court examined the merits of Mr. Walker's complaint and all the allegations contained in the supplement, motion for reconsideration and motion to amend the complaint and determined Mr. Walker failed to state a plausible claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The court considered the potential effect of Mr. Walker's motion to amend his complaint and denied it as futile. Having reviewed and considered all of Mr. Walker's filings, the court can discern no basis for a § 1983 claim against Mr. Siebrasse. Mr. Walker's complaint is dismissed with prejudice. See, e.g., Gordon, 563 F. App'x at 514; Jones v. Roy, 449 F. App'x 526 (8th Cir. 2011); Goodroad v. Bloomberg, 129 F.3d 121 (8th Cir. 1997).

**ORDER**

Based on the above analysis, it is

ORDERED that Mr. Walker's motion for reconsideration (Docket 12) is denied.

IT IS FURTHER ORDERED that Mr. Walker's motion to amend the complaint (Docket 11) is denied.

IT IS FURTHER ORDERED that Mr. Walker's complaint (Docket 1) is dismissed with prejudice.

Dated May 7, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE